UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

YU LING SHEN, individually and on behalf of
all other employees similarly situated,

           Plaintiff,

    -against-                          15 CV 663(GHW)

466 AMAZE CORP. d/b/a Amaze Fusion
& Lounge, XUE MEI CHEN and JOHN (FIRST
NAME UNKNOWN) HUANG,

           Defendants.
_____

MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL DEFENDANTS 466 AMAZE CORP.
AND XUE MEI CHEN TO PROVIDE POST-JUDGMENT
<u>DISCOVERY AND FOR SANCTIONS</u>

      Fed. R. Civ. P. 69(a)(2) grants a judgment creditor the power to obtain discovery from any person—including a judgment debtor—as provided generally in the Federal Rules or by the procedures of the state where the Court is located.  Here, plaintiff, a judgment creditor, invoked Rule 69 and served defendants-judgment debtors with a Rule 30 Notice of Deposition and a Rule 34 Demand for Production of Documents.  Plaintiff also invoked Rule 69 to serve an Information Subpoena and Restraining Notice, a judgment enforcement tool available under Section 5222 of the New York Civil Practice Law and Rules.

      As discussed in the annexed Declaration of Bernard D'Orazio, attorney appearing for plaintiff, the defendants, have ignored this lawsuit from the beginning and failed to

participate in any of the proceedings.  The defendants remained silent even after their default was brought to their attention and their time to respond to the discovery demands was unilaterally extended.  Plaintiff now asks the Court to utilize the power it has under Rule 37 and compel the defendants to provide the discovery requested and impose sanctions.

**A. This Court Has the Power to Hold Defendant in Contempt for Failure to Obey the Information Subpoena/Restraining Notice and Provide Discovery**

Relief is sought under Rule 37(d), which provides:

> Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
> (1) In General.
> (A)  Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> (i)  a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
> (ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> (B)  Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
> (2) Unacceptable Excuse for Failing to Act.  A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
> (3) Types of Sanctions.  Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff duly served post-judgment discovery demands on November 5, 2015. The demands were received and signed for on November 20, 2015. D'Orazio Declaration ¶ 5 and Exhibit D.

The discovery demands were accompanied by a cover letter stating that:

> An **Information Subpoena & Restraining Notice** is being served upon you herewith. By law, you are required to answer the Questions attached to the Subpoena fully and completely under oath (answers must be signed before a Notary Public) and then return them to my office. The response is due within seven days.
> . . .
> Failure to comply with the Subpoena or the Restraining Notice is a Contempt of Court and will subject the offending party to a fine, payment of attorneys' fees, and possible imprisonment. If you have any question about your obligations under the Subpoena and Restraining Notice, you should consult an attorney immediately.
>
> We also are serving on you herewith a **Notice of Deposition** and **Demand for Production of Documents**. Please begin collecting the requested documents and be ready to bring them to my office for your deposition (questioning under oath) on December 10.

Defendant ignored these instructions and did nothing.

On December 10, we contacted the defendants again and requested compliance. Exhibit E. Additional copies of the discovery demands were enclosed. The dates for written discovery were extended to December 24 and the depositions were adjourned to December 30. Nonetheless, there was no response by anyone.

The defendant 466 Amaze Corp. continues to operate its restaurant on Amsterdam Avenue with impunity. See D'Orazio Declaration ¶ 8 and Exhibit F. Defendant Xue Mei Chen owns, operates, and/or manages the restaurant.

B. **<u>The Defendants Should be Compelled to Produce the Discovery and Sanctioned</u>**

The defendants' refusal to comply with valid post-judgment discovery demands and procedures has been ongoing.  It is now clear that nothing plaintiff can do will generate a response or compliance.  The violations of the defendants' discovery obligations are clear, substantial, continuous, and inexcusable.  An order pursuant to Rule 37(a)(3)(B) compelling the defendants to provide all demanded discovery should be entered.

Plaintiff also requests sanctions under Rule 37(d)(1)(A).  Rule 37(d)(3) sanctions may include any of the orders listed in  Rule 37(b)(2)(A)(i)–(vi).  Instead of or in addition to these sanctions, the court must also require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  <u>Id.</u>

A district court has "considerable discretion in determining whether a coercive sanction is necessary and, if so, the form it will take." <u>Leser v. U.S. Bank Nat'l Ass'n</u>, 2011 U.S. Dist. LEXIS 28127, 24-25 (E.D.N.Y. Mar. 18, 2011); <u>citing</u> <u>In re Martin-Trigona</u>, 732 F.2d 170, 173 (2d Cir. 1984) (<u>quoting</u> <u>Shillitani v. United States</u>, 384 U.S. 364, 370 (1966)).

While the list of possible sanctions is broad,[1] in post-judgment proceedings most of these usual sanctions are irrelevant or inappropriate.  A monetary  fine payable to the

---

[1] Rule 37 sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;

4

Court and an award of attorneys' fees to the aggrieved party is the only remedy likely to compel a recalcitrant judgment debtor's compliance at this stage of the litigation.

## CONCLUSION

The defendant-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen should be compelled to provide all requested discovery, fined and sanctioned, and held liable for plaintiff's attorneys' fees.

Dated:     New York, New York
           January 18, 2016

                                                    s/Bernard D'Orazio
                                                    _____
                                                    BERNARD D'ORAZIO

---

(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.