UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

YU LING SHEN, individually and on behalf of
all other employees similarly situated,

            Plaintiff,

   -against-                                     DECLARATION

                                                        15 CV 663(GHW)

466 AMAZE CORP. d/b/a Amaze Fusion
& Lounge, XUE MEI CHEN and JOHN (FIRST
NAME UNKNOWN) HUANG,

            Defendants.
_____

      BERNARD D'ORAZIO hereby declares the following to be true under the penalties of perjury:

      1.    I am principal attorney with Bernard D'Orazio & Associates, P.C., attorneys appearing herein for the plaintiff-judgment creditor. I submit this declaration in support of plaintiff's motion for an order (A) pursuant to Federal Rules of Civil Procedure 45(e) and 37, holding defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen in contempt of court, imposing sanctions upon each, and awarding plaintiff damages including attorneys' fees, (B) pursuant to Federal Rules of Civil Procedure 37(a)(3)(B), compelling defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen to provide all demanded post-judgment discovery, (C) pursuant to Rule 37(d), sanctioning defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen and ordering them to pay plaintiff's attorneys' fees, and (D) granting plaintiff such other and further relief as is just and proper.

2. On June 30, 2015, this Court entered a default Judgment (Exhibit A) in this labor law case in favor of plaintiff and against defendants 466 Amaze Corp., Chen, and Huang for $27,860.90. No part of the Judgment has been paid to date.

THE POST-JUDGMENT DISCOVERY DEMANDS

3. In connection with enforcing the Judgment, my office served a Restraining Notice and Information Subpoena[1] upon defendants 466 Amaze Corp. and Chen on November 5, 2015. The Subpoenas required the defendants to serve answers to the posed questions under oath and in writing within seven days of receipt. We also served at the same time served Notice of Depositions and Document Demands on these two judgment debtors. Copies of all the discovery demands, with proof of service, are attached as Exhibit B.

4. The discovery demands were accompanied by my cover letter (Exhibit C) notifying the defendants of their responsibilities:

> An **Information Subpoena & Restraining Notice** is being served upon you herewith. By law, you are required to answer the Questions attached to the Subpoena fully and completely under oath (answers must be signed before a Notary Public) and then return them to my office. The response is due within seven days.
> . . .
> Failure to comply with the Subpoena or the Restraining Notice is a Contempt of Court and will subject the offending party to a fine, payment of attorneys' fees, and possible imprisonment. If you have any question about your obligations under the Subpoena and Restraining Notice, you should consult an attorney immediately.
>
> We also are serving on you herewith a **Notice of Deposition** and **Demand for Production of Documents**. Please begin collecting the requested documents and be ready to bring them

---

[1] An Information Subpoena is a New York judgment enforcement procedure (N.Y. CPLR 5224) available to judgment creditors under Federal Rule of Civil Procedure 69(a)(2). Responses to the questions posed in the Information Subpoena are due within seven days after service.

2

to my office for your deposition (questioning under oath) on December 10.

5.	The defendants received the certified mailings of these documents and my letter on November 20, 2015. See return receipt cards, Exhibit D. Still, the defendants ignored my instructions and did nothing. We heard nothing and received no discovery from either party.[2]

6.	On December 10, I contacted the defendants again by letter again and requested compliance. Exhibit E. Additional copies of the discovery demands were enclosed with my letter. I notified the defendants that the dates for compliance were being extended to December 24 for written discovery, and that the depositions were adjourned to December 30. Those dates came and went without any communication from the defendants.

## THE PRIOR MOTION TO COMPEL DISCOVERY

7.	On January 18, 2016, plaintiff, after obtaining permission of the Court, filed a motion to compel defendants' to comply with the Information Subpoenas and respond to the discovery demands. The defendants did not respond to or oppose the motion.

8.	On February 18, 2016, this court issued an Order (Exhibit F) directing the defendants to comply with the **Information Subpoena & Restraining Notice, Notice of Deposition,** and **Demand for Production of Documents**. The Court directed the defendants to appear on **March 4, 2016 at 10:00 a.m.** at my office for a deposition.

9.	I served the Order with a cover letter on the defendants by mail. Exhibit G. We also personally served the Order and cover letter on the defendants. See Exhibit H.

---

[2] Before serving the discovery demands, I confirmed by a personal visit and phone call that the defendants continue to operate the restaurant at 466 Amsterdam Avenue. See Exhibit F. There also are Amaze Fusion restaurants operating at 694 Third Avenue and 1066 First Avenue in Manhattan.

3

10. The defendants did not respond and have not complied with the Order. No one appeared for the deposition on March 4. I noted the default on the record. See Exhibit I.

11. The defendants' default is willful and intentional and has thwarted enforcement of the Judgment.

12. Plaintiff respectfully refers the Court to the annexed Memorandum of Law for a complete discussion of the legal issues raised by this motion.

WHEREFORE, plaintiff requests that an Order be entered (A) pursuant to Federal Rules of Civil Procedure 45(e) and 37, holding defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen in contempt of court, imposing sanctions upon each, and awarding plaintiff damages including attorneys' fees, (B) pursuant to Federal Rules of Civil Procedure 37(a)(3)(B), compelling defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen to provide all demanded post-judgment discovery, (C) pursuant to Rule 37(d), sanctioning defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen and ordering them to pay plaintiff's attorneys' fees, and (D) granting plaintiff such other and further relief as is just and proper.

Dated: New York, New York
March 17, 2016

s/Bernard D'Orazio
_____
BERNARD D'ORAZIO