UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

YU LING SHEN, individually and on behalf of
all other employees similarly situated,

                Plaintiff,

    -against-

                                                 15 CV 663(GHW)

466 AMAZE CORP. d/b/a Amaze Fusion
& Lounge, XUE MEI CHEN and JOHN (FIRST
NAME UNKNOWN) HUANG,

                Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PUNISH DEFENDANTS-JUDGMENT DEBTORS FOR CONTEMPT AND IMPOSE SANCTIONS

Fed. R. Civ. P. 69(a)(2) grants a judgment creditor the power to obtain discovery from any person—including a judgment debtor—as provided generally in the Federal Rules or by the procedures of the state where the Court is located. Here, plaintiff, a judgment creditor, invoked Rule 69 and served defendants-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen with a Rule 30 Notice of Deposition and a Rule 34 Demand for Production of Documents. Plaintiff also invoked Rule 69 to serve an Information Subpoena and Restraining Notice, a judgment enforcement tool available under Section 5222 of the New York Civil Practice Law and Rules.

As discussed in the annexed Declaration of Bernard D'Orazio, attorney for plaintiff, the defendants, who have *repeatedly* failed to comply with the rules governing this

1

proceeding, have ignored all post-judgment discovery demands, including this Court's Order dated February 18, 2016, granting plaintiff's prior motion to compel discovery.

Plaintiff now asks the Court to utilize its power under Rules 45(e) and 37 and hold the defendants 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen in contempt of this Court and impose sanctions for their failure to obey to respond to the discovery requests and the Subpoena, which have thwarted Judgment enforcement.

    A. This Court Has the Power to Hold the Defendant in Contempt for Failure to Obey the Subpoena and Respond to the Discovery Demands

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt" and thus can sanction an individual or entity that fails to comply with the discovery orders. Leser v. U.S. Bank Nat'l Ass'n, 2011 U.S. Dist. LEXIS 28127, 24-25 (E.D.N.Y. Mar. 18, 2011); citing In re Martin-Trigona, 732 F.2d 170, 173 (2d Cir. 1984) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)).

Further, under 18 U.S.C. § 401(3), the Court is empowered to enforce compliance through civil contempt. 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."). And, under Rule 45(e), a court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.

Relief here may also be granted pursuant to Rule 37(b)(1) and (2), which provide:

> If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

2

Generally, a contemnor may be held in civil contempt for failure to comply with a court order or directive if: (1) the court's order is clear and unambiguous; (2) the evidence of the contemnor's noncompliance is clear and convincing; and (3) the contemnor did not diligently attempt to comply in a reasonable manner. Leser, 2011 U.S. Dist. LEXIS 28127; see Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). It is not necessary to establish that the contemnor's noncompliance was willful. Id.

"A clear and unambiguous order is one specific and definite enough to apprise those within its scope of the conduct that is being proscribed." Medallic Art Co., Ltd. v. Novus Mktg., Inc., No. 99-CV-502, 2003 U.S. Dist. LEXIS 15177(S.D.N.Y. Sept. 2, 2003) (quoting New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989)). The "clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable certainty' that a violation occurred." Leadsinger v. Cole, No. 05-CV-5606, 2006 U.S. Dist. LEXIS 55550, 2006 WL 2266312, at *9 (S.D.N.Y. Aug. 4, 2006) (quoting Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002) (internal quotation marks omitted)).

There can be no question here that defendant's obligations to comply with the discovery demands and Subpoena were clear and unambiguous. The defendants were served, repeatedly, with the discovery demands, the requirements of which are clear on their face. Furthermore, counsel for the plaintiff in cover letters sent to the defendants carefully explained what was required. Following all that, this Court issued a direct Order on February 18, 2016, directing the defendants to provide the requested discovery and appear for depositions.

B.  <u>This Court Can Impose Sanctions Upon The Defendants For Contempt</u>

Plaintiff is also entitled to sanctions under Rule 37(d)(1)(A): A Court may impose sanctions where:

> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Rule 37(d)(3) sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must also require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. <u>Id.</u>

A district court has "considerable discretion in determining whether a coercive sanction is necessary and, if so, the form it will take." <u>Leser</u>, 2011 U.S. Dist. LEXIS at 45-46. While the list of possible sanctions is broad,[1] in post-judgment proceedings most of these usual sanctions are irrelevant or inappropriate. Contempt with the possibility of a fine and

---

[1] Rule 37 sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

imprisonment is the only remedy likely to compel a recalcitrant judgment debtor's compliance with Court orders and procedures at this stage of the litigation.

Numerous courts have held parties in contempt and issued sanctions for failure to obey a subpoena or to comply with discovery demands, the precise circumstances present in the case at hand. See, e.g., Gucci America, Inc. v. Weixing Li, 2012 U.S. Dist. LEXIS 171520 (S.D.N.Y. Nov. 15, 2012) ("The Court also sanctions BOC for its civil contempt, ordering BOC to pay (1) a coercive fine in the amount of $75,000 for its non-compliance with the August 23 Order to date, and (2) if BOC does not comply with the August 23 Order within seven days from the date of this Order, an additional coercive fine of $10,000 for each subsequent day of non-compliance"); Hockler v. Lichtman, 2009 U.S. Dist. LEXIS 54153 (S.D.N.Y. June 23, 2009); Leser, 2011 U.S. Dist. LEXIS 28127.

## CONCLUSION

The defendant-judgment debtors 466 Amaze Corp. d/b/a Amaze Fusion & Lounge and Xue Mei Chen should be held in contempt of Court and sanctioned.

Dated:   New York, New York
         March 17, 2016

s/ Bernard D'Orazio
_____
BERNARD D'ORAZIO