Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*
*466 Amaze Corp. and Xue Mei Chen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
YU LING SHEN,                                                                                Docket No: 15-CV-663

                              Plaintiff,

                -against-


466 AMAZE CORP. d/b/a "Amaze Fusion & Lounge",
XUE MEI CHEN, JOHN (first name unknown) HUANG
and JOHN DOES and JANE DOES 1-10

                              Defendant.
-------------------------------------------------------------------x


**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS
MOTION TO STAY ENFORCEMENT OF THE DEFAULT JUDGMENT**


Dated:  New York, NY
        November 8, 2016

                                              */s/ Vincent S Wong*
                                              Vincent S. Wong, Esq. (VW9016)
                                              Law Offices of Vincent S. Wong
                                              39 East Broadway, Suite 306
                                              New York, NY 10002
                                              P: (212) 349-6099
                                              F: (212) 349-6599

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| STATEMENT OF FACTS | 4 |
| THE COURT SHOULD ISSUE A STAY OF ENFORCEMENT OF THE DEFAULT JUDGMENT IN THIS PROCEEDING | 6 |
| THE COURT SHOULD ISSUE THE STAY WITHOUT REQUIRING THE POSTING OF A BOND | 8 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES

### Statutes

| | |
|---|---|
| Fed.R.Civ.P. 60(b) | 4, 6, 7, 9 |
| Fed.R.Civ.P. 62(b) | 5, 9 |

### Cases

| | |
|---|---|
| *Am. Shipping Line, Inc. v. Massan Shipping Indus.*, 885 F.Supp. 499, 502 (S.D.N.Y.1995) | 6 |
| *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y.1996) | 6 |
| *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) | 6 |
| *Lawyers Title Ins. Corp. v. Singer*, No. 3:07CV804 MRK, 2011 WL 1827268, at *1 (D. Conn. Mar. 7, 2011) | 6 |
| *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996) | 6 |
| *River Oaks Marine, Inc. v. Town of Grand Island,* No. 89–CV–1016S, 1992 WL 406813, at *2 (W.D.N.Y. Dec. 10, 1992) | 8 |
| *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05–21113–CIV–TORRES, 2007 WL 1098751, at *2 (S.D.Fla. Apr. 8, 2007) | 8 |
| *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977) | 7 |
| *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y.1993) | 7 |
| *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir.1997) | 6 |

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of Defendants 466 Amaze Corp. and Xue Mei Chen (collectively, "Defendants") motion to stay enforcement of the judgment pending Defendant's already filed an fully briefed motion to vacate the default judgment entered against them in this case and to dismiss the complaint in its entirety or in the alternative to allow Defendants to interpose an answer.

**STATEMENT OF FACTS**

On October 13, 2016 Defendants filed a motion to vacate the default judgment entered against them in this case and to dismiss the complaint in its entirety or in the alternative to allow Defendants to interpose an answer, pursuant to Fed.R.Civ.P. 60(b)[1].

Defendants' motion was based upon Plaintiff's failure to serve Defendants with the Summons and Complaint, Defendants default not being willful, and equity favoring the vacatur of the default of Defendants due to Plaintiffs' bad conduct and other irregularities in the default proceedings.

On October 31, 2016, Plaintiff's filed opposition[2] to Defendant's motion, admitting amongst other things, that the affidavits of service for the Summons and Complaint filed in this case, in which Plaintiff used as the basis for the default entered against Defendants, were fraudulent, untrue, and that the person who swore under oath and the penalty of perjury to have served the Defendants the Summons and Complaint, Mr. Derosa, did not in fact serve the

---

[1] See ECF Docket 57-60
[2] See ECF Docket 63-64

4

Defendants.[3] On November 7, 2016, Defendants filed their reply papers to Plaintiff's opposition.[4]

Before and during Defendants' motion to vacate the default judgment entered against Defendants, Plaintiff commenced and continued with collection efforts against Defendants which have resulted in the a freezing of Defendants account receivables, including but not limited to payment for food ordered through Grubhub and Seamless, and the seizure of funds from Defendants bank accounts.

Plaintiff's effort to enforce the default judgment, which is likely to be vacated by Defendant's filed motion, has interfered with Defendants' abilities to continue to run their business. As a result of the freezing and seizing of money from Defendants' accounts, the Defendants have had difficulty paying their employees as well as difficulty continuing to pay for supply deliveries to the restaurant.

Defendants now bring this motion pursuant to Fed.R.Civ.P. 62(b) and the Court's equitable powers to request that the Court stay Plaintiff's enforcement efforts of the default judgment, which would include the Court ordering that Defendants may receive payment from its accounts receivable, removing the restraining notice on Defendants' accounts, and Order that any money already seized and removed from Defendants' accounts by Plaintiff be held in escrow by Plaintiff's counsel, pending the resolution of Defendants' motion to vacate the default judgment.

---

[3] See Declaration of Samuel Berk, attached as Exhibit 1 to this motion and the affidavits of service for the Summons and Complaint attached as Exhibit 2.
[4] See ECF Docket 65 -66

5

## THE COURT SHOULD ISSUE A STAY OF ENFORCEMENT OF THE DEFAULT JUDGMENT IN THIS PROCEEDING

"Under Rule 62(b) of the Federal Rules of Civil Procedure, federal courts have discretion to stay execution of a judgment pending the disposition of certain post-trial motions, including, inter alia; motions for judgment as a matter of law under Rule 50; motions for a new trial or to alter or amend a judgment under Rule 59; and motions for relief from a judgment or order under Rule 60. See Fed.R.Civ.P. 62(b). Under the Rule, a district court may stay execution of judgment only "[o]n appropriate terms for the opposing party's security." Id.; see *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996)" *Lawyers Title Ins. Corp. v. Singer*, No. 3:07CV804 MRK, 2011 WL 1827268, at *1 (D. Conn. Mar. 7, 2011).

Additionally, the Court has equitable powers to issue a stay as "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir.1997). Accordingly, the decision to issue a stay is "firmly within a district court's discretion." *Am. Shipping Line, Inc. v. Massan Shipping Indus.*, 885 F.Supp. 499, 502 (S.D.N.Y.1995).

The factors relevant in determining whether to issue a stay are: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation/enforcement of judgment as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Kappel v. Comfort*, 914 F.Supp. 1056, 1058

(S.D.N.Y.1996) (quoting *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y.1993)).

In this case, the relevant factors favor the issuance of a stay. The first factor favors issuing a stay because in this case the Plaintiff's right to proceed with its case and enforce its default judgment, depends on the outcome of the motion to vacate the default judgment. It is undisputed that Plaintiff's rights to enforce the default judgment against Defendants must be dismissed, the restraints on Defendants' accounts removed and any money seized by Plaintiffs returned, if the default judgment is vacated. Plaintiff will suffer no prejudice if forced to wait until the Court decides the motion to vacate, and as mentioned above, the motion to vacate is already fully submitted. As such this factor favors the issuance of a stay.

The second factor also favors the issuance of a stay as the burden on Defendants from Plaintiff's enforcement efforts is quite high. Plaintiff has frozen multiple accounts from Defendants, including its bank accounts and its accounts receivable, which includes money due to Defendants for food and orders already provided. Defendants need these funds to continue to operate the business, to pay employees and to pay for supplies for the restaurant. As such, the burden on Defendants is quite high and this factor favors the issuance of a stay.

The third factor, interests of the Court also favors the issuance of a stay. In this case the judgment which Plaintiff seeks to enforce was on default, not on the merits of the case, and default judgments are generally disfavored by the court due to the principle that cases should be decided on their merits. See *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977). Additionally, the default judgment in this case was obtained through the admitted submission of fraudulent and untrue affidavits of service of the Summons and Complaint by Plaintiff, as discussed more fully

in Defendants' reply papers in the Fed.R.Civ.P. 60 motion. As such the interest of the courts is to not reward or condone such behavior, and this also favors the issuance of a stay.

The fourth factor, the interests of persons not parties to the civil litigation, also favors the issuance of a stay. In this case, Defendants suppliers and employees would benefit from the issuance of a stay as it would allow Defendants to pay said non-parties from the income already generated by Defendants and being held in the restrained accounts. As such, this factor also favors the issuance of a stay.

The fifth factor, the public interest, also favors the issuance of a stay. Without the issuance of a stay Defendants may be forced to shut down their business, as they would not be able to pay their suppliers or employees. The public interest favors the continuation of a successful business that provides the public a place to gather, socialize, and obtain delicious meals. As such, this factor also favors the issuance of stay.

As all the factors favor the issuance of a stay, the court should issue a stay on Plaintiff's enforcement of the Default Judgment and unrestrained Defendants accounts pending the determination of Defendants' motion to vacate.

## THE COURT SHOULD ISSUE THE STAY WITHOUT REQUIRING THE POSTING OF A BOND

The Court may grant a stay without requiring the judgment debtor to post a bond if the judgment debtor can show that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions. See *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05–21113–CIV–TORRES, 2007 WL 1098751, at *2 (S.D.Fla. Apr. 8, 2007); see, e.g., *River Oaks Marine, Inc. v. Town of Grand Island,* No. 89–CV–1016S, 1992 WL

406813, at *2 (W.D.N.Y. Dec. 10, 1992) (granting stay pursuant to Rule 62(b) without requiring a bond or other security where the prevailing party had "expressed no fear that its interest in ultimate recovery would be endangered by a stay").

In this case, Defendants have already filed a motion under to Fed.R.Civ.P. 60(b) motion, which is currently pending before the court. Defendants are likely to prevail on this motion to vacate the default, because amongst other reasons, Plaintiffs have admitted that the affidavits of service that the default was entered upon were fraudulent and untrue. If Defendants prevail on their Fed.R.Civ.P. 60(b) motion the default judgment will be vacated and Plaintiff will have no rights to Defendants accounts or to the money it has already seized.

Defendants should not be required to post a security because Plaintiff has already seized and taken funds from Defendants' accounts. Requiring Plaintiff's counsel to hold the already seized funds in escrow pending the resolution of Defendants' motion grants Plaintiff more than adequate security. Additionally, unfreezing Defendants accounts' will allow Defendants to continue to conduct business and operate, which would allow Plaintiff to collect funds in the future (as opposed to Defendants being forced to shut down because they lack the funds to operate), in event that Defendants Fed.R.Civ.P. 60(b) motion is denied.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to staying Plaintiff's enforcement efforts of the default judgment, which would include the Court Ordering that Defendants may receive payment from its accounts receivable and removing the restraining notice on Defendants' accounts, and Order that any money already seized and removed from Defendants accounts by Plaintiff be held in escrow by Plaintiff's counsel, pending the resolution of Defendants' motion to vacate the default judgment, should be granted in all respects.

Dated: New York, NY
November 9, 2016

              */s/ Vincent S Wong*
              Vincent S. Wong, Esq. (VW9016)
              Law Offices of Vincent S. Wong
              39 East Broadway, Suite 306
              New York, NY 10002
              P: (212) 349-6099
              F: (212) 349-6599